# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD A. BROWN, | : | CIVIL ACTION NO. 3:16-cv-1886 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| DUANE L. BLACK, *et al.*, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Todd A. Brown ("Brown" or "Plaintiff"), at all times relevant a pretrial detainee incarcerated at the Huntingdon County Jail, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on September 14, 2016. (Doc. 1; Doc. 22-1). Brown names the following individuals as defendants: Warden Duane L. Black ("Black"), Lieutenant Brett E. Rhone ("Rhone"), and Lieutenant Daniel R. Weikert. (*Id.*)

Presently pending is Defendants' Motion (Doc. 22) to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be granted in part and denied in part. Also pending is Plaintiff's motion (Doc. 30) for appointment of counsel. The counsel motion will be denied.

I. **Motion to Dismiss**

A. **Standard of Review**

Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to

dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal,

556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### B     Allegations of the Complaint

Brown alleges that while he was housed in a holding cell between the dates of June 18, 2016, and June 21, 2016, Defendant Black "neglected [his] well-being" when he allowed Brown to bang his head against the cell wall and there was "blood everywhere." (Doc. 1, p. 4, ¶ 4). Defendant Black allegedly stated that he did not care if Brown hurt himself. (Doc. 1, "Statement of Claim" Section, p. 2, ¶ 1). Black allegedly gave orders that Brown "receive nothing" and, thereafter, between the dates of June 18, 2016, and July 5, 2016, "neglected [his] basic elements of life" in refusing him toilet paper, razors, soap, shampoo, toothpaste, a toothbrush and a working toilet, denied him a cell with proper ventilation, and denied him adequate cell lighting. (*Id.* at Statement of Claim" Section, p. 2, ¶ 1pp. 4, 5, ¶¶5, 6, 8). He also alleges that Defendants Black and Weikert deprived him of recreation for a sixteen day period. (Id. at "Statement of Claim" Section, p. 3, ¶ 2; p. 5, ¶ 7).

He further alleges that on July 11, 2016, Defendant Rhone retaliated against him by assaulting him. (Id. at 11). Also, on July 26, 2016, Defendant Rhone failed to pass along information to Defendant Weikert and other officers about an "alleged altercation

3

about to happen." (Id. at 10). Brown was allowed to go to recreation and, as a result, he got into a fist fight with two other inmates. (Id.)

**C.     Discussion**

Section 1983 offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Accordingly, to establish a claim for relief under Bivens, a plaintiff must demonstrate: (1) that the conduct was committed by a federal actor, and (2) that conduct resulted in the deprivation of a right secured by the Constitution or federal laws of the United States. See Brown, 250 F.3d at 801.

      1.     Conditions of Confinement

Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). To determine whether conditions of confinement amount to "punishment", courts "ask, first, whether any legitimate purposes are served by the[ ] conditions, and second, whether the[ ] conditions are rationally related to these purposes." Hubbard v. Taylor, 538 F.3d 229,

4

232 (3d Cir. 2008) ("Hubbard II") (citing Union Cnty. Jail Inmates v. Di Buono, 713 F.2d 984, 992 (3d Cir. 1983; see also Stevenson v. Carroll, 495 F.3d 62, 67 (3d Cir. 2007).

Brown alleges that Defendant Black gave orders that he "receive nothing" and stated that he did not care if Brown hurt himself. (Doc. 1, "Statement of Claim" Section, p. 2, ¶ 1). Defendant Black allegedly neglected his well-being by not helping him when he was banging his head against the wall of his cell and specifically stated to Officer Byer "I don't care he's hurting himself. Put him back in the holden [sic] cell." (Id. at p.4, ¶ 4). Brown further alleges that, Defendant Black stated to him the he would "get nothing" and then, over the course of approximately fifteen days, proceeded to deprive him of basic necessities, including water, a working toilet, access to basic hygiene products such as toilet paper, soap, shampoo, toothpaste and a toothbrush, proper air ventilation and adequate cell lighting. (Id. pp. 4, 5, ¶¶ 5-7). He also indicates that he was completely deprived of exercise by Defendants Black and Weikert for approximately sixteen days. (Id. at "Statement of Claim" Section, p. 3, ¶ 2; p. 5, ¶ 7).

Brown sufficiently alleges a Fourteenth Amendment conditions of confinement in that he indicates that he was subject to these conditions for no legitimate penological purpose. Defendants' motion to dismiss these claims will be denied.

### 2. First Amendment Retaliation

Brown claims that Defendant Rhone subjected him to retaliation by assaulting him. Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional. See, e.g., Mitchell v. Horn, 318 F.3d 523, 529–31 (3d Cir. 2003);

5

Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001); Allah v. Seiverling, 229 F.3d 220, 224–26 (3d Cir. 2000). To establish a prima facie retaliation claim under 42 U.S.C. § 1983, a plaintiff "must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). With respect to the third element, "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. This is a "deferential standard" meant to take into account "that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials, who possess the necessary expertise." Id.

Brown fails to indicate that the alleged assault by Defendant Rhone was in retaliation for involvement in constitutionally protected conduct. As such, Brown fails to state a First Amendment retaliation claim.

### 3. Failure to Protect

The Cruel and Unusual Punishment Clause of the Eighth Amendment imposes on prison officials "a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). As noted *surpa*, under the Constitution's guarantees of due process, an unsentenced inmate 'is entitled[,] at a

minimum, to no less protection than a sentenced inmate is entitled to under the Eighth Amendment.' " Bistrian v. Levi, 696 F.3d 352, 366-67 (quoting Fuentes v. Wagner, 206 F.3d 335, 341-42 (3d Cir. 2000)). Brown, a not yet convicted inmate, had a clearly established constitutional right to have prison officials protect him from inmate violence. However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834; Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir.1997).

    Brown's allegations are woefully inadequate. First the complaint is devoid of any allegations that, in this instance, he was subject to conditions posing a substantial risk of serious harm. Second, he fails to allege that Defendants Rhone and Weikert exhibited deliberate indifference to a substantial risk to his safety. Deliberate indifference in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Beers–Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). It is not sufficient that the official should have known of the risk. *Id.* at 133. Brown's allegations that Defendant Rhone "on 7-26-16 sent Officer Spencer home after c/o Wise told Lieutent [sic] Rhone about an alleged altercation about

7

to happen. Lieutent [sic] failed to pass down the alleged statement to the other officer's working? Three officers that day worked. And Lieutent [sic] Weikert" are completely speculative. They fall far short of establishing actual knowledge of an excessive risk to safety and do not set forth sufficient circumstantial evidence such that an inference of deliberate indifference could be drawn. Farmer, 511 U.S. at 842. Lastly, Brown has not alleged adequate facts to suggest that he "got into a fist fight with two inmates" during recreation as a result of conduct of either Defendant Rhone or Weikert. Defendants' motion to dismiss the failure to protect claim will be granted.

## II. Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Brown, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). An amendment is considered futile "if the [it] will not cure [any] deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988). Given the facts alleged with regard to the Retaliation and Failure to Protect claims, it is clear that

8

allowing Brown to amend would be futile as he is unable to cure the deficiencies from which these claims suffer.

## III. Motion to Appoint Counsel

It is well-established that there is no constitutional or statutory right to counsel in a civil case. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993). Moreover, district courts have broad discretion to determine whether to appoint counsel under 28 U.S.C. § 1915. If the Court determines that a claim has "arguable merit in fact and law," it then undertakes consideration of the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors. Tabron 6 F.3d at 155. Those factors include the following: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457–58 (3d Cir. 1997); Tabron, 6 F.3d at 155-57 (listing factors relevant to request for counsel).

It is clear that Brown's conditions of confinement claim has an arguable basis in law and fact. It is also apparent that Brown is capable of properly and forcefully prosecuting his claims, and that discovery neither implicates complex legal or factual

9

issues, nor requires factual investigation or the testimony of expert witnesses. Consequently, the motion will be denied at this stage of the proceedings. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Brown.

## V. Conclusion

Based on the foregoing, Defendants' motion (Doc. 22) to dismiss will granted in part and denied in part. Plaintiff's motion (Doc. 30) for appointment of counsel will be denied.

An appropriate Order will enter.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

**Dated:** September 27, 2017